FILED
SUPERIOR COURT
OF GUAM

2022 JUL 26 PM 1: 16

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| ROBERT D. SANTOS,<br><br>Plaintiff,<br><br>vs.<br><br>AMY JEANNE P. CRISOSTOMO,<br>(aka Amy J.T. Pangelinan),<br><br>Defendant. | DOMESTIC CASE NO. DM0451-11<br><br>**DECISION AND ORDER**<br>(Transfer of Jurisdiction) |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas upon Defendant's Amy Jeanne P. Crisostomo's[1] ("Defendant") Motion Requesting Transfer of Jurisdiction to the Circuit Court of Arlington Virginia for matters of custody and visitation regarding the parties' two minor children. Title 7 GCA § 39207(a) states that the trial court may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum.

Having considered the arguments and the applicable law, the Court hereby **GRANTS** Defendant's Motion.

## BACKGROUND

Parties have two minor children, M.R.S (DOB: 1/02/09) and M.R.S. (DOB: 1/02/09). On June 21, 2011, Plaintiff filed a Complaint for Child Custody at the Superior Court of Guam, at the time of this complaint both parties resided in Guam and Defendant had plans of

---

[1] Formerly known in previous pleadings as Amy J.T. Pangelinan.

relocating to Texas with the two minors. See Declaration of Plaintiff (Jun. 21, 2011). Plaintiff filed the complaint as an attempt to avoid their departure from Guam and running the risk of losing contact with the minors. *Id.*

On December 20, 2011, a Judgement of Custody by the Honorable Michael J. Bordallo granted both parties custody in an alternating annual basis with the exchange date being July 23 of each year. See Judgement of Custody (Dec. 20, 2011). The Court also retained jurisdiction and continued home state status for jurisdictional purposes. *Id.*

On March 29, 2016, Plaintiff filed a Motion for Modification of Custody claiming that there was a change of circumstances because the minors have started school and had trouble transitioning back and forward from two different school districts. See Declaration of Plaintiff (Mar. 29, 2016).

On August 12, 2016, a hearing was held for Plaintiff's Motion to Modify Custody, Defendant did not make an appearance and the Court then ordered temporary legal and Physical custody of the minors to the Plaintiff. See Min. (Aug. 12, 2016).

On June 11, 2022, this Court was contacted by the Arlington County Virginia Court stating the Defendant had petitioned the court to assert jurisdiction, the matter is now before the Court.

**DISCUSSION**

Under Guam law, the Superior Court may decline to exercise child custody jurisdiction *sua sponte,* "at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another State is a more appropriate forum." 7 GCA § 39207(a). The Court must consider all relevant factors, including those enumerated at 7 GCA § 39207(b) which state:

(1) Whether domestic violence has occurred and is likely to continue in the future and which State could best protect the parties and the child;

(2) the length of time the child has resided outside Guam;

(3) The distance between the court in Guam and the court in the State that would assume jurisdiction;

(4) The relative financial circumstances of the parties;

(5) Any agreement of the parties as to which State should assume jurisdiction;

(6) The nature and location of the evidence required to resolve the pending litigation, including testimony of the child;

(7) The ability of the court of each State to decide the issue expeditiously and the procedures necessary to present the evidence; and

(8) The familiarity of the court of each State with the facts and issues in the pending litigation.

(c) If the Superior Court of Guam determines that it is an inconvenient forum and that a court of another State is a more appropriate forum, it shall stay the proceedings upon condition that a child-custody proceeding be promptly commenced in another designated State and may impose any other condition the court considers just and proper.

(d) The Superior Court of Guam may decline to exercise its jurisdiction under this Act if a child-custody determination is incidental to an action for divorce or another proceeding while still retaining jurisdiction over the divorce or other proceeding.

& GCA§ 39207.

In this case, the Plaintiff presented information and arguments on the matter stating that Defendant had relocated with the minors to Virginia at some time approximate towards the end of 2021. Upon consideration of all relevant factors under Section 39207(b), the Court finds that Guam is an inconvenient forum under the circumstances and that Arlington Virginia County Court is a more appropriate forum for the following reasons.

The first factor under Section 39207(b) is whether domestic violence has occurred and is likely to continue in the future, and which state could best protect the parties and the child. There are no allegations of violence in this matter, so the forum which can best protect the

parties and children is not a factor that favors either jurisdiction. The second factor is the length of time the children have resided outside Guam. The children have resided inside and outside of Guam on a year on year off basis ever since December 2011 and have been currently residing in Virginia for more than 6 months. The third factor is the distance between the Court in Guam and the Court in the state that would assume jurisdiction. The distance between Guam and Virginia is substantial. This factor favors Virginia is more appropriate forum to assume jurisdiction since neither of the parties currently reside in Guam. Court documents submitted by the Plaintiff suggest that Defendant and the children have relocated to Virginia around the end of 2021, this being the case and noting the fact that Plaintiff has been residing in Texas since 2011, its proper to assume that Virginia would be a more proper forum to assume jurisdiction of further proceedings at this time. The fifth factor is any agreement of the parties as to which state should assume jurisdiction. There is no agreement on jurisdiction between the parties which favors either jurisdiction. The sixth factor is the nature and location of the evidence required to resolve the pending litigation, including testimony of the child. The bulk of the evidence is located in Virginia, including the children and the Defendant. The seventh factor is the ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence. In this regard, both Guam and Virginia may resolve the matter expeditiously and the procedures necessary to present the evidence is not a factor that favors either jurisdiction. The eighth factor is the familiarity of the court of each state with the facts and issues in the pending litigation, since both parties were never married and a divorce proceeding never took place if the Court were to determine to transfer jurisdiction to Virginia, then it would not have to retain jurisdictions to any pending proceedings.

# CONCLUSION

For the above reasons, the Court hereby **GRANTS** Defendant's Motion Requesting Transfer of Jurisdiction to the Circuit Court of Arlington Virginia. The Court shall grant this transfer upon condition that a child-custody proceeding be promptly commenced in Virginia.

**IT IS SO ORDERED** ___JUL 2 6 2022___ .

HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

Daniel Somerflock

Circuit Court, Arlington VA

Date: 7/26/22 Time: 1:22pm

Deputy Clerk, Superior Court of Guam

CL22001998-00

FILED by Arlington County Circuit Court
05/25/2022



VIRGINIA: IN THE CIRCUIT COURT OF ARLINGTON COUNTY

Robert D. Santos      \*
     Plaintiff

     \*

V.          CASE NO. CL

     \*    CL22-1998

Amy Jeanne P. Crisostomo (formerly Pangelinan)
     Defendant     \*
     Serve: Robert D. Santos
         2024 N. Westmoreland St.      •
         Arlington, Virginia 22213



NOTICE/PRAECIPE

PLEASE TAKE NOTICE THAT the court shall docket and hear the below motion to Assert Jurisdiction on Friday June 10, 2022 at 10 am or shortly thereafter.

**MOTION FOR THE CIRUIT COURT TO ASSERT JURISDICTION OVER THE MATTERS OF CUSTODY VISITATION AND TO TRANSFER OF JURISDICTION FROM GUAM TO THE ARLINGTON CIRCUIT COURT PER VIRGINIA CODE SECTION 20-146.12 and 20-146.14**

COMES NOW Amy Jeanne P. Crisostomo (formerly known as Amy J. T. Pangelinan) by and through counsel, asks this court to assert jurisdiction over this case from the Superior Court of Guam Domestic Case No. DM0451-11 and to order that this Court have jurisdiction per per Virginia Code Sections 20-146.12 and 20-146.14 to enforce and modify the orders of that case as follows:

1. The Superior Court of Guam entered a Judgement of Custody on December 19, 2011 regarding the parties' minor children ███████████ (DOB: ████) and ███████████ (DOB ████. The parties were granted joint legal and physical custody of the children on an alternating year basis and two scheduled skype calls.

1

Page 6 of 9

However, in the summer of 2013-2014 the two minor children did not get transported back to Guam and instead stayed with Amy Crisostomo in San Antonio, Texas because Mr. Santos called to say he was not able to take care of them that year.

2. On September 9, 2016 the Superior Court of Guam entered a Temporary Order of Custody granting Robert Santos temporary sole legal and physical custody of the parties' two minor children until such time as Amy Crisostomo appeared in court and the court enters further order. This came about because Amy Crisostomo is was active military at the time, was unable to make the scheduled annual visitation exchange.

3. Amy Crisostomo's attorney represented to her that she was waiting on a court date to appear, and that date never arrived. In the interim, Amy Crisostomo has made efforts to remain in contact with the parties' two minor children, via Skype communications on a regular basis on the scheduled days of Monday and Thursday. However, July 2021 was the last time that Amy Crisostomo talked to the children. From August 2021 to February 2022, Amy Crisostomo repeatedly attempted to Skype the children and left messages but did not receive a return call or message. Amy Crisostomo consulted with her Guam counsel on February 22, 2022 to find out if he knew the whereabouts of the minor children. Mr. Santos never informed Amy Crisostomo that he was relocating from Guam to the U.S.

4. Although the last court order was "temporary" the Guam Court never scheduled another hearing leaving the Defendant in limbo.

5. Since the last court hearing, the Plaintiff, Robert Santos retired from the Guam Fire Department and relocated to 2024 N. Westmoreland St. Arlington, Virginia 22213. The

2

Defendant, Amy J. T. Crisostomo has been residing in Texas since 2012 and her current residence is 253 Private Road 4733 Castroville, Texas 78009.

6. Neither party to this action, nor the parties' minor children continue to reside in Guam. Guam no longer has any connection to the parties or the minor children.

8. Plaintiff's relocation to Arlington, Virginia creates a situation where Guam is no longer a convenient forum, and Virginia is a more convenient forum as it is the location where Plaintiff is employed and where the minor children reside, where the minor children attend school where the majority of future witnesses in this matter are located.

WHEREFORE, Defendant requests the following forms of relief:

1. That this court assert jurisdiction of any future matters regarding custody, visitation as Virginia is a more convenient forum, and no one is left in Guam on these matters.

2. That the Judge of this Court confer with the Judge of the Superior Court of Guam if necessary, regarding the jurisdictional matters per the UCCJEA.

3. To order that the file of the Superior Court of Guam Domestic Case No. DM0451-11 be obtained by this Clerk's Office and transferred to this Court.

4. To provide any other relief necessary.

5. To order Plaintiff to pay Defendant's attorney fees for having to make this motion.

Amy J.T. Crisostomo<br>
By Counsel

3

Claudia J. Zucker
Counsel for Plaintiff
1840 Wilson Blvd
Suite 205
Arlington, Va 22201
VSB32535
703-209-0520
claudia@zuckerlawfirm.com

Certificate of Service

I certify that after having made a good faith effort to resolve the issues above, I

have sent the attached motion to a private process server on this 25th day of

May, 2022 to be served upon

Robert D. Santos
2024 N. Westmoreland St.
Arlington, Virginia 22213

Claudia Zucker

4